UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAUREAN O'KEITH JACKSON,

                              Plaintiff,

               -against-

A. STEWART; BUREAU OF PRISONS,

                              Defendants.

22-CV-7476 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at FCI Allenwood, in White Deer, Pennsylvania, brings this *pro se* action against "A. Stewart," alleging that Stewart sexually assaulted him during Plaintiff's detention at FCI Otisville, in Otisville, Orange County, New York. He also alleges that, at FCI Allenwood, correctional staff have denied him access to the law library, the grievance program, and nutritional meals. He names as defendants Stewart and the Bureau of Prisons ("BOP").

By order dated October 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. "On December 30, 2021, the Plaintiff made an outcry that he'd been sexual[ly] abused by A. Stewart, while he worked as an orderly in the FCI Otisville federal prison medical department." (ECF 1, at 1.) Plaintiff alleges that Stewart

is a female nurse practitioner. After this alleged assault, "[o]n January 5, 2022, the Plaintiff was relocated from the FCI Otisville" to FCI Allenwood, where correctional staff have denied him access to the law library and grievance program. With respect to the alleged denial of access to the grievance program, Plaintiff claims that he has attempted to file grievances, but correctional staff refused to process those grievances. Finally, Plaintiff alleges that he is being denied nutritional food at FCI Allenwood.

Plaintiff asserts three claims, all arising at FCI Allenwood: (1) denial of access to the law library; (2) access to the prison grievance system "thwarted and impeded"; and (3) "lack of nutritional food." (*Id.*) He seeks injunctive relief related to his Allenwood claims and he seeks "to file a civil suit in the Southern District Court – this Court – for sexual abuse and sexual harassment in which prison officials are impeding upon." (*Id.* at 4.)

## DISCUSSION

The complaint suggests that Plaintiff may be pursuing: (1) tort and constitutional claims against the United States arising from the conduct that occurred at FCI Allenwood; and (2) constitutional claims against Stewart. As discussed below, the Court: (1) dismisses all claims brought against the BOP under the doctrine of sovereign immunity; (2) dismisses without prejudice the tort and constitutional claims arising from the conduct alleged to have occurred at FCI Allenwood; and (3) grants Plaintiff leave to file an amended complaint to assert constitutional claims against Stewart.

### A.    Plaintiff's Claims Against the BOP Are Barred Under the Doctrine of Sovereign Immunity

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596,

608 (1990) (citations omitted). The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

As the BOP has not waived its sovereign immunity to be named as a defendant in this action, and be subject to liability for the any conduct alleged in the complaint, the Court dismisses Plaintiff's claims against the BOP under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Federal Tort Claims Act Provides a Waiver of Immunity for Claims Against the United States**

An exception to the doctrine of sovereign immunity is provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Under the FTCA, a plaintiff may assert claims against the United States, based on the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). "The proper defendant in an FTCA claim is the United States," *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015), not individual federal employees. Before filing an action in federal court, a plaintiff must comply with the FTCA's procedural requirements.[2] *See Johnson*

---

[2] To exhaust an FTCA claim, a claimant must file a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the

*v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).

As noted above, Plaintiff cannot bring any claims against Defendant BOP. To the extent Plaintiff intended to bring an FTCA claim against the United States, by naming the BOP, the proper venue for such a claim is "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff does not state where he resided before his incarceration, so the Court cannot determine where he resides for venue purposes. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (citing *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y. 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead the prisoner retains his pre-incarceration domicile for diversity purposes.")). Because the alleged events occurred at FCI Allenwood, which is located in Wayne County, Pennsylvania, the Middle District of Pennsylvania would be a proper venue. *See* 28 U.S.C. § 118(b) (designating Wayne County within the Middle District of Pennsylvania). Thus, should Plaintiff seek FTCA relief, he must first exhaust those claims with the BOP, *see* 28 U.S.C. § 2675(a), and then, should he so desire, file a new civil action asserting his FTCA claim, in the Middle District of Pennsylvania.[3]

## C.    The Court Dismisses Without Prejudice Plaintiff's Constitutional Claims That Arose at FCI Allenwood

Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a).

[3] Under the FTCA venue provision, Plaintiff also may file a new civil action asserting an FTCA claim in the district where he resided before his incarceration. *See Blumatte*, 521 F. Supp. 2d at 312 n.3.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not name any defendants who violated his constitutional rights at FCI Allenwood.[4] The alleged events, however, occurred in Waymart, Pennsylvania. From the face of the complaint therefore, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2), but that under Section 1391(b)(2), venue is proper in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that it would not be in the interest of justice to transfer this action because he does not name any individual defendants who violated his constitutional rights at FCI Allenwood.[5] The Court therefore dismisses any constitutional claims that arose at FCI Allenwood without prejudice to Plaintiff asserting those

---

[4] A claim asserting constitutional violations does not lie against a federal agency, such as the BOP. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

[5] Plaintiff does not assert any facts suggesting that he exhausted any FTCA claim against the United States. Thus, even if the Court were to construe the complaint as asserting such a claim, it would not be in the interest of justice to transfer this claim to the Middle District of Pennsylvania.

claims in a new action filed in the United States District Court for the Middle District of

Pennsylvania. *See* 28 U.S.C. § 1406(a).

**D.      The Court Grants Plaintiff Leave to Amend His Claims Against Stewart**

    **1.      Claims Brought Against Federal Employees**

Plaintiff alleges that, during his detention in a federal facility, his rights were violated by

a female nurse practitioner named "A. Stewart." Plaintiff does not state whether Stewart was an

employee of the federal government, but for the purposes of this order, the Court assumes as

such, and therefore construes the complaint as asserting a claim against this defendant based on

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

"[*Bivens*] is the federal analog to suits brought against state officials under . . . 42 U.S.C.

§ 1983." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *see Morales v. City of New York*, 752 F.3d

234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims

brought against federal employee as arising under *Bivens*). To state a claim for relief under

*Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was

attributable to an officer acting under color of federal law, and (2) such conduct deprived him of

a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d

491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

    **2.      Limitations on *Bivens* Claims**

The United States Supreme Court has recognized implied causes of action under *Bivens*

in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403

U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth

Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a

convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After

deciding these three cases, the Supreme Court "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

More recently, the Supreme Court held that even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under Bivens that "superficial similarities are not enough to support the judicial creation of a cause of action"). In *Egbert*, the Supreme Court cautioned:

> When asked to imply a *Bivens* action, "our watchword is caution. . . . [I]f there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [it]. . . . [E]ven a single sound reason to defer to Congress is enough to require a court to refrain from creating such a remedy." Put another way, "the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" If there is a rational reason to think that the answer is 'Congress' – as it will be in most every case – no *Bivens* action may lie.

*Egbert*, 142 S. Ct. at 1803 (citations omitted) (alterations in original).

Here, Plaintiff's allegations are not parallel to the claims asserted in the three prior *Bivens* cases recognized by the Supreme Court. Moreover, it appears that Congress has determined, by enacting the FTCA, and shielding some federal employees from suits asserting assault, *see* 28 U.S.C. § 2690(h), that a damages remedy should not be provided in cases where non-investigative or law enforcement federal employees are accused of assault.[6]

---

[6] As discussed above, the FTCA generally provides a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). This waiver of sovereign immunity, however, does not apply to a claim arising out of an assault by a non-investigative or law enforcement officer. Section 2680(h) defines a "investigative or law

"In waiving sovereign immunity under certain circumstances, Congress made certain that the United States would not be subject to liability for claims . . . for those 'arising out of assault, battery, false imprisonment, false arrest' and other intentional torts." *Blitz v. Boog*, 328 F.2d 596, 598 (2d Cir. 1964) (quoting 28 U.S.C. § 2680). Though Congress did provide "for federal liability for intentionally tortious acts committed by 'investigative or law enforcement officers,'" by introducing "a statutory exception 'principally in response to abuses committed by federal law enforcement officers,'" *Barone v. United States*, No. 12-CV-4103 (LAK), 2014 WL 4467780, at *10 (S.D.N.Y. Sept. 10, 2014), Congress chose not to provide a damages remedy in assault cases for federal employees who are not categorized as investigative or law enforcement.

Despite this legal landscape, the Court concludes that it is premature to find that Plaintiff may not proceed with a *Bivens* action against Stewart. For example, it is unclear whether Congress considered whether a remedy should be fashioned for Plaintiff based on the conduct alleged here: a sexual assault by a nurse practitioner at a federal facility. If Congress decided that such conduct should not result in a damages remedy, and that such a defendant should be immune from a suit based on that conduct, then Plaintiff may not proceed with a *Bivens* action. If Congress did not decide that such conduct should be shielded from suit, the Court will then need to determine whether a *Bivens* action may proceed, despite this action not fitting within the three prior recognized actions.

At this stage, therefore, the Court finds that it is possible that Plaintiff may be able to proceed with a *Bivens* action against Stewart and grants Plaintiff leave to state more facts in support of his claim against Stewart, including: (1) confirming that the alleged assault occurred

---

enforcement officer . . . [to] mean[ ] any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."

on December 20, 2021, (2) providing more facts regarding the alleged assault, and (3) to the extent he knows, confirming whether Stewart was a federal employee at the time of the alleged assault.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against Stewart, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7476 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against the Bureau of Prisons under the doctrine of sovereign immunity and Plaintiff's claims that arose at FCI Allenwood, without prejudice to his asserting those claims in a new civil action, filed in the Middle District of Pennsylvania.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    November 14, 2022
            New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____