UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAUREEN O'KEITH JACKSON,<br><br>                              Plaintiff,<br><br>            -against-<br><br>ANNIE STEWART; UNITED STATES OF AMERICA,<br><br>                              Defendants. | 22-CV-7476 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is currently incarcerated at FCI Allenwood, in White Deer, Pennsylvania, brings this *pro se* action against Annie Stewart ("Stewart"), a nurse practitioner employed at FCI Otisville, in Otisville, Orange County, New York, alleging that Stewart sexually assaulted him at Otisville. On October 21, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] On November 14, 2022, Chief Judge Swain granted Plaintiff leave to file an amended complaint and dismissed the Bureau of Prisons, which had been named as a defendant in the original complaint. (Dkt. No. 9.) Plaintiff filed an amended complaint, naming Stewart, and asserting negligence claims against the United States, under the Federal Tort Claims Act. On April 3, 2023, the action was reassigned to the Court's docket.

      As set forth below, the Court (1) directs service on the United States and Stewart; (2) denies Plaintiff's request for the appointment of *pro bono* counsel; (3) refers Plaintiff to the New York Legal Assistance Group, for limited-scope representation; (4) denies Plaintiff's motion

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

for judicial notice, without prejudice to seeking leave to file a second amended complaint; (5) denies Plaintiff's motion to waive costs for copies of his amended complaint and memorandum of law; and (6) applies Local Civil Rule 33.2 to this action.

## DISCUSSION

**A.      Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff, who is proceeding IFP, to effect service on Defendants United States and Stewart through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to mark the box on the USM-285 form labeled "Check for service on U.S.A.," for the form for service on the United States. Finally, the Clerk of Court shall issue summonses for these two Defendants and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v.*

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

*Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Pro Bono Application**

Plaintiff has requested the appointment of counsel. (*See* Dkt. No. 15.) Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

3

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff has demonstrated he attempted to engage counsel—he has attached a letter from a law firm declining to represent him in this case. (*See* Dkt. No. 15.) However, Plaintiff has not established that he is unable to retain counsel—it is unclear how many attorneys Plaintiff has contacted and what the breath of his search has been. Because Plaintiff has not demonstrated he is unable to retain counsel, his request should be denied. *See Moritz v. Town of Goshen*, No. 15-CV-5424, 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying application to request pro bono counsel where it was "unclear how many lawyers [the pro se defendant] ha[d] contacted and whether she ha[d] fully exhausted all possible efforts to obtain counsel"); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990,

2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive").

Putting aside the Plaintiff's failure to demonstrate he has attempted to obtain counsel, the Court additionally construes Plaintiff's Amended Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same).

As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated why he needs counsel. Generally, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Trauman v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 114242, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). For example, Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Additionally, Plaintiff's Amended "[C]omplaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). Additionally, Plaintiff's claims "are not so

complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2. Plaintiff's claim is largely based on the retelling of events that happened in his presence and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has demonstrated his ability to present the case himself through his submissions in this instant Action that adequately express his arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children s Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings"). While Plaintiff states that he does not currently have access to the prison law library, (*See* Dkt. No. 15), "this factor, alone, does not alter the Court's analysis as to the remaining *Hodge* factors", *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3172987, at *2 (S.D.N.Y. July 26, 2021) (holding that denial of law library access alone did not warrant appointment of counsel) (citation and quotation marks omitted).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application.

C.  **New York Legal Assistance Group**

Plaintiff may consult the legal clinic ("Clinic") opened in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with Plaintiff. Once received, it may take up to two weeks for the Clinic to contact Plaintiff. Copies of the Clinic's flyer, retainer, and intake form are attached to this Order.

D.  **Judicial Notice**

Plaintiff has filed a motion asking for "judicial notice." The motion, however, includes additional facts that ordinarily would be added to an amended pleading. Should Plaintiff want these facts to be considered as part of his operative pleading, he must move to file a second amended complaint. The motion for judicial notice is therefore denied.

E.  **Waiver of Costs for Copies**

Plaintiff seeks waiver of the costs for copies of his amended complaint and memorandum of law. Plaintiff's IFP status does not entitle him to free copies of court documents, and there is a

statutory fee of $0.50 (fifty cents) per page, 28 U.S.C. § 1926. *See Wilson v. Wells*, No. 17-CV-40, 2017 WL 6667515, at *1 (D. Conn. Sept. 6, 2017) ("The plaintiff is not entitled to free copies of court documents.") (citing *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) (prisoners "ha[ve] no constitutional right to free photocopies")). The Court therefore denies Plaintiff's motion seeking waiver of costs for copies of his documents.

**F.    Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is to fill out a USM-285 form for the United States and Stewart, mark the box on the USM-285 form labeled "Check for service on U.S.A." for the service on the United States, issue summonses for these two Defendants, and deliver the necessary documents to the U.S. Marshals Service.

The Court denies Plaintiff's motions at document numbers 15, 17, and 19 for the reasons stated in this order, and directs the Clerk of Court to terminate the motions at document numbers 3 and 21, as moot.

The Clerk of Court is further instructed to mail an information package to Plaintiff.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

SO ORDERED.

Dated:   April 12, 2023
           White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Annie Stewart
   FCI Otisville
   Two Mile Drive
   Otisville, New York 10963

2. United States of America
   Attorney General of the United States
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530-2000

3. United States Attorney's Office, Southern District of New York
   Civil Division
   86 Chambers Street, Third Fl.
   New York, N.Y. 10007