UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAUREAN O'KEITH JACKSON,

                              Plaintiff,

        v.

ANNIE STEWART AND UNITED STATES
OF AMERICA,

                              Defendants.

---

No. 22-CV-7476 (KMK)

OPINION & ORDER

<u>Appearances:</u>

Taurean O'Keith Jackson
Marianna, FL
*Pro Se Plaintiff*

Alexander Kristofcak, Esq.
United States Attorney's Office for the Southern District of New York
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Plaintiff Taurean O'Keith Jackson ("Plaintiff"), proceeding pro se, brings this Action

against the United States ("the Government") and nurse practitioner Annie Stewart ("Stewart"),

in her individual capacity, (collectively the "Defendants"), alleging a negligence claim against

the Government pursuant to the Federal Tort Claims Act ("FTCA") and constitutional claims

against Stewart under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971), for violations of his First, Fourth, and Eighth Amendment rights.  (*See*

*generally* Amended Compl. ("AC") (Dkt. No. 10); AC Supplement ("AC Supp.") (Dkt. No. 11).)

Before the Court is Defendants' Motion to Dismiss (the "Motion") Plaintiff's Amended

Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Not. of Mot. (Dkt. No. 37).)  For the following reasons, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and associated filings, all of which are assumed to be true for the purpose of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).[1]

During the period relevant to the claims in the Amended Complaint and the Amended Complaint Supplement, Plaintiff was an inmate at FCI Otisville, employed in the medical department.  (*See* AC ¶ 1.)  Plaintiff contends that beginning in November 2021, Stewart subjected him to verbal and physical sexual abuse.  (*See generally id.*)  Plaintiff alleges that Stewart devised a plan for her and Plaintiff to have sex on the morning of December 30, 2021.  (*See id.* ¶¶ 17–19.)  Plaintiff claims that he did not follow through with the plan, which made Stewart angry, leading her to accuse Plaintiff of "trying to set her up."  (*See id.* ¶¶ 20–23.)  Fearful of Stewart's retaliation against him, Plaintiff went to Stewart's office at approximately 8:10AM to calm her down.  (*See id.* ¶ 24.)  Plaintiff apologized to Stewart and requested that she not have him fired.  (*See id.* ¶ 25.)  In response, Stewart instructed Plaintiff to leave and come back after another colleague left her office.  (*See id.*)  Plaintiff alleges that when he later returned

---

[1] The Court notes that along with his Amended Complaint, Plaintiff filed a document called a "Memorandum of Law."  (*See* AC Supp.)  The document describes the causes of actions Plaintiff is asserting against the Defendants.  (*See generally id.*)  Accordingly, the Court construes the Amended Complaint and the Memorandum of Law, which is referred to hereinafter as the Amended Complaint Supplement, as the operative pleadings for the purposes of this Motion.

to Stewart's office, Stewart grabbed his genitals, masturbated in front of him, and forced him to masturbate in front of her.  (*See id.* ¶¶ 27–29.)  Later that morning, Plaintiff found Stewart and explained to her that he felt raped and that "everything she was doing" had to stop.  (*See id.* ¶¶ 38–39.)  Stewart conveyed to Plaintiff that she believed that Plaintiff was going to report her.  (*See id.* ¶ 38.)  Plaintiff worked in the medical department that day until 11:00AM and then returned to his housing unit.  (*See id.* ¶ 41.)

Upon returning to his housing unit, Plaintiff went to the unit's computer room to send an email to the Office of Inspector General ("OIG") hotline.  (*See id.* ¶ 42.)  However, Plaintiff states that there were too many inmates in the computer room, so he left.  (*See id.*)  At 4:00PM that day, two lieutenants came to Plaintiff's cell, placed him in handcuffs, and escorted him to the Special Housing Unit ("SHU").  (*See id.* ¶ 43.)  The lieutenants also read to the Plaintiff an incident report, which stated that Plaintiff had allegedly sexually assaulted Stewart at 8:05AM that day.  (*See id.* ¶ 44.)

B.  Procedural History

Plaintiff initiated this Action on August 23, 2022.  (*See* Compl. (Dkt. No. 1).)  On November 14, 2022, the Court granted Plaintiff leave to file an amended complaint, (*see* Dkt. No. 9), which Plaintiff filed on November 17, 2022, (*see* AC; AC Supp.).  In anticipation of filing a motion to dismiss, Defendants filed a letter with the Court requesting a pre-motion conference.  (*See* Dkt. No. 35.)  In lieu of holding a conference, the Court set a briefing schedule.  (*See* Dkt. No. 36.)  Defendants filed the instant Motion on January 8, 2024.  (*See* Not. Of Mot.; Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") (Dkt. No. 38); Declaration of John Hayes in Supp. of Defs.' Mot. to Dismiss ("Hayes Decl.") (Dkt. No. 40).)  Following an extension of time to file, Plaintiff submitted an Opposition on April 24, 2024.  (*See* Mem. of Law

in Opp. to Defs.' Mot. to Dismiss ("Pl.'s Opp.") (Dkt. No. 48).)  On May 30, 2024, also

following an extension of time, Defendants filed their Reply.  (*See* Reply Mem. of Law in

Further Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply") (Dkt. No. 53).)

## II.  Discussion

### A.  Standard of Review

#### 1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has

authority to adjudicate the cause pressed in the complaint."  *Gunn v. Malani*, No. 20-CV-2681,

2023 WL 2664805, at *3 (S.D.N.Y. Mar. 28, 2023) (quoting *Bryant v. Steele*, 25 F. Supp. 3d

233, 241 (E.D.N.Y. 2014)).  "Determining the existence of subject matter jurisdiction is a

threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction

under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal

quotation marks and citation omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762

F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question"

(internal quotation marks and citation omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant

to Rule 12(b)(1) may be facial or fact-based.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47,

56 (2d Cir. 2016).  When a defendant raises a facial challenge to standing based solely on the

complaint and the documents attached to it, "the plaintiff has no evidentiary burden" and a court

must determine whether the plaintiff asserting standing "alleges facts that affirmatively and

plausibly suggest that the plaintiff has standing to sue."  *Id.* (alterations adopted) (quoting

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  In making such a

determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co., LLC*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *See Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[]

complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). But when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No.

6

09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted).

Moreover, where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted) (internal quotation marks and citation omitted)).

B.  Analysis

Plaintiff asserts a negligence claim against the Government pursuant to the FTCA and constitutional claims against Stewart under *Bivens* for violations of his First, Fourth, and Eighth Amendment rights.  (*See* AC; AC Supp.)  The Court addresses the FTCA claim and the constitutional claims in turn.

1.  FTCA Claim

With respect to the FTCA claim, Defendants argue that, inter alia, the Court lacks subject matter jurisdiction over the claim because Plaintiff failed to properly exhaust his administrative remedies prior to bringing his Complaint in district court.  (*See* Defs.' Mem. 5–7.)  The Court agrees.

In enacting the FTCA, Congress created a "limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified

7

circumstances." *Liranzo v. United States*, 690 F.3d 78, 84–85 (2d Cir. 2012) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)); *see also Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 767 (S.D.N.Y. 2015) (same).  An FTCA action "against the United States is the exclusive remedy for a suit for damages for injury resulting from the negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment." *Bearam v. Sommer*, No. 12-CV-1858, 2013 WL 5405492, at *8 (S.D.N.Y. Sept. 25, 2013) (internal quotation marks and citation omitted); *see also Finley v. Hersh*, No. 12-CV-162, 2013 WL 3450270, at *7 (D. Vt. July 9, 2013) ("As to [the plaintiff's] tort claims, his exclusive remedy for monetary damages against the United States is under the Federal Tort Claims Act.").  When bringing an FTCA claim, plaintiffs are required to first exhaust their administrative remedies.  *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."); *Morrow v. Dupont*, No. 08-CV-3083, 2010 WL 1005856, at *3 (E.D.N.Y. Mar. 15, 2010) (same); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").  The governing regulation requires that the claim be written and contain a demand for a "sum certain."  28 C.F.R. § 14.2(a); *see Manchanda v. Lewis*, 2021 WL 5986877, at *3, *5 (2d Cir. Dec. 17, 2021) (summary order) (affirming necessity of stating "sum certain" in order to properly exhaust administrative remedies); *Iotova v. Quay*, No. 19-CV-1957, 2024 WL 923931, at *1 (E.D.N.Y.

Mar. 4, 2024) ("An inmate may 'present' a tort claim to the [Bureau of Prisons ('BOP')] by submitting an executed [Standard Form 95 ('SF-95')] or 'other written notification,' accompanied by 'a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]'" (quoting 28 C.F.R. § 14.2(a))), *report and recommendation adopted as modified*, 2024 WL 1513642 (E.D.N.Y. Apr. 8, 2024).  In addition to the sum certain requirement, any lawsuit may not be instituted until after the relevant agency denies the claim.  *See* 28 U.S.C. § 2675(a).  If no written denial is forthcoming, the statute provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." *Id.*

The FTCA's exhaustion requirement is "jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 82; *see also Bastien v. Samuels*, No. 14-CV-1561, 2015 WL 5008837, at *2 (E.D.N.Y. Aug. 21, 2015) (same); *R.C.L. Infant v. Bronx-Lebanon Hosp. Ctr.*, No. 13-CV-6764, 2015 WL 1499745, at *4 (S.D.N.Y. Mar. 31, 2015) (same).  "The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement." *Sherman-Amin-Braddox:Bey v. McNeil*, No. 10-CV-5340, 2011 WL 795855, at *2 (E.D.N.Y. Feb. 25, 2011) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)); *accord Foster v. Fed. Emergency Mgmt. Agency*, No. 14-CV-1750, 2015 WL 5430370, at *10 (E.D.N.Y. Sept. 15, 2015) (same); *Bastien*, 2015 WL 5008837, at *5 (same); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.").

Here, the Court finds that Plaintiff has not adequately pled, nor does he persuasively argue that he complied with the FTCA's exhaustion requirement.  Specifically, Plaintiff contends

in his Opposition that "he mailed an administrative remedy 95 form to the Bureau of Prisons and

didn't rec[ei]ve a response for six (6) months before he filed his suit." (Pl.'s Opp. 9). However,

the documents Plaintiff submitted with his response fail to demonstrate as much. (*See generally

id.*) In a letter dated August 19, 2022, Plaintiff asserts that he submitted an FTCA claim to BOP

in March 2022, but did not receive a response. (*See id.* 22.)[2] Conversely, in a November 17,

2022 letter, Plaintiff states that he received a notice from BOP acknowledging receipt of his SF-

95, which BOP claimed to have received on September 29, 2022. (*See id.* at 25.) In the

November 17 letter, Plaintiff contests the September 29, 2022 date, asserting that he sent the SF-

95 form to the BOP office in June 2022. (*See id.*) In addition, Plaintiff's own inconsistent

statements regarding when he submitted his complaint, March versus June 2022, are refuted

based on the envelope in which Plaintiff sent his claim, which demonstrates that it was sent on

September 27, 2022. (*See* Hayes Decl., Ex. B at 10.)

    In any event, even if Plaintiff had submitted his administrative claim in either March or

June 2022, as he asserts to have done, the FTCA claim would not have been exhausted until

September 2022 at the earliest. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final

disposition of a claim within six months after it is filed shall, at the option of the claimant any

time thereafter, be deemed a final denial of the claim for purposes of this section."). Therefore,

Plaintiff's lawsuit, which was initiated on August 30, 2022, (*see* Dkt No. 1), was premature and

---

[2] The Court notes that it may consider documents outside of the pleadings to determine whether Plaintiff has exhausted his administrative remedies. *See, e.g.*, *Robinson v. Clark*, No. 15-CV-8434, 2017 WL 775813, at *5 (S.D.N.Y. Feb. 27, 2017) (acknowledging documents that point to the fact that defendant did not exhaust); *Artis v. Velardo*, No. 14-CV-833, 2016 WL 154122, at *3 n.1 (S.D.N.Y. Jan. 12, 2016) (taking judicial notice of the records submitted by the defendants to prove the plaintiff had not exhausted); *Zappulla v. Fischer*, No. 11-CV-6733, 2013 WL 1387033, at *1 (S.D.N.Y. Apr. 5, 2013) (taking judicial notice of documents that contradicted the plaintiff's assertion that he had exhausted).

therefore, must be dismissed. *See Robinson v. Knibbs*, No. 16-CV-3826, 2019 WL 2578240, at
*7–8 (S.D.N.Y. June 24, 2019) (holding that the plaintiff's FTCA claim must be dismissed as
premature, where he commenced his lawsuit prior to the completion of the six-month period
following his submission of Form SF-95 to the BOP); *see also Fiore v. Medina*, No. 11-CV-
2264, 2012 WL 4767143, at *7–8 (S.D.N.Y. Sept. 27, 2012) (dismissing the plaintiff's FTCA
claim as premature because he filed his complaint before the BOP had finally denied his claim,
and the alternative six-month period had not yet passed). Additionally, the Court notes that
subsequent exhaustion does not cure such a defect. *See Liriano v. ICE/DHS*, 827 F. Supp. 2d
264, 269 (S.D.N.Y. 2011) ("The requirement that prematurely filed FTCA claims must be
dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the
court's decision."); *see also Darwish v. Pompeo*, No. 18-CV-1370, 2022 WL 831332, at *4
(W.D.N.Y. Mar. 21, 2022) (same).

Finally, because exhaustion is a prerequisite to subject matter jurisdiction, *see Marie v.
United States*, No. 19-CV-6854, 2020 WL 8669752, at *9 (S.D.N.Y. Aug. 12, 2020) (noting that
exhaustion is a jurisdictional prerequisite to filing an FTCA claim), *report and recommendation
adopted*, 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020), Plaintiff's statement that "[r]ecords will
provide and the plaintiff is willing to provide documentation," (Pl.'s Opp. 9), is inadequate to
establish subject matter jurisdiction at this stage, *see Cotto v. Vitale*, No. 20-CV-3011, 2021 WL
11493287, at *7 (S.D.N.Y. Feb. 1, 2021) ("The exhaustion requirement 'is jurisdictional and
cannot be waived.'" (quoting *Celestine*, 403 F.3d at 82)).

Accordingly, Plaintiff's FTCA claim is dismissed. *Spina v. Lu Feng Liu*, 541 F. Supp. 3d
426, 433 (S.D.N.Y. 2021) (dismissing the plaintiffs' FTCA claims for lack of subject matter
jurisdiction, where they had not followed the requisite administrative process to exhaust their

claims before filing suit in court); *Am. United Transp. Inc. v. W. Reg'l Union*, 569 F. Supp. 3d

151, 157 (E.D.N.Y. 2021) ("Because [p]laintiff has not pled exhaustion of its administrative

remedies, as required by the FTCA, the [c]ourt does not have subject matter jurisdiction and

therefore grants the United States' motion to dismiss." (citation omitted)).[3, 4.]

## 2. *Bivens* Claims

With respect to Plaintiff's *Bivens* claims, the Court concludes that they must be dismissed

because Plaintiff has abandoned such claims. "Even under 'the relaxed pleading standard

afforded to pro se litigants,' [Plaintiff's] express abandonment of his . . . claims should be given

effect." *Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 121–22 (S.D.N.Y. 2023) (italics,

internal quotation marks, and citation omitted). "Ultimately, the question of abandonment is one

of intent." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Here,

---

[3] Defendants argue in the alternative that Plaintiff's FTCA claim is barred by the discretionary function exception. (*See* Defs.' Mem. at 7–9.) However, because the Court has already decided that it does not have subject matter jurisdiction over Plaintiff's FTCA claim, it need not consider Defendants' alternative argument. *See Hous. Cas. Co. v. Paul Ryan Assocs.*, Inc., 348 F. Supp. 3d 363, 365 (S.D.N.Y. 2018) (holding that the court need not consider the plaintiff's alternative argument for dismissal, where the court had already decided that the defendant's counterclaim must be dismissed on other grounds); *see also Haygood v. Unity Health Sys.*, No. 14-CV-6474, 2015 WL 3484943, at *5 (W.D.N.Y. June 2, 2015) (stating that "the Court need not consider [d]efendants' alternative arguments," where the court had already decided to dismiss the plaintiff's claims on a separate basis), *aff'd sub nom. Haygood v. ACM Med. Lab'y, Inc.*, 642 F. App'x 27 (2d Cir. 2016) (summary order).

[4] The Court notes that, in his Opposition, Plaintiff for the first time seemingly avers failure to report and intentional tort claims. (*See* Pl.'s Opp. 9, 11.) "[A]lthough courts afford pro se plaintiffs a fair measure of procedural latitude, . . . this latitude typically does not extend so far as permitting a plaintiff to supplement the claims in his complaint with additional allegations in his motion papers." *Salemo v. Murphy*, No. 11-CV-2525, 2012 WL 4714765, at *2 (S.D.N.Y. Sept. 27, 2012) (italics omitted) (internal citation omitted); *see also Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (summary order) (affirming the district court's decision not to address claims by a pro se litigant not raised in the complaint). Accordingly, because Plaintiff's failure to report and intentional tort claims are asserted for the first time in his Opposition, the Court declines to consider them at this stage.

Plaintiff expressed in his Opposition that his "*Bivens* [claims] might be a bi[]t of a stretch." (*See* Pl.'s Opp. 7. (italics added).) Moreover, Plaintiff failed to respond to the arguments presented in Defendants' briefing with respect to these claims. (*See id.*) In fact, Plaintiff did not provide any argument defending or even mentioning these claims. (*See generally* Pl.'s Opp.) *See Randall v. Dish Net., LLC*, No. 17-CV-5428, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (granting defendant's motion to dismiss because "the [p]laintiff's failure to address [certain] claims in his opposition papers to [the] motion [to dismiss]," showed that they were "abandoned") (collecting cases); *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."). Accordingly, Plaintiff's abandoned claims will be dismissed without prejudice.[5]

---

[5] While Plaintiff has abandoned his *Bivens* claims, the Court has nonetheless considered the merits of those claims based on the briefing presented by Defendants. (*See* Defs.' Mem. 10–17.) None of Plaintiff's potential claims under *Bivens* is cognizable because each implicates a new context for the application of the *Bivens* remedy and special considerations counsel against its expansion. *See Edwards v. Gizzi*, 107 F.4th 81, 81 (2d Cir. 2024) (per curiam) (affirming the district court's decision, which dismissed the plaintiff's *Bivens* claims because they presented a new context and special factors counseled hesitation in extending the *Bivens* remedy); *see also Herrera v. United States*, No. 20-CV-10206, 2022 WL 902090, at *8 (S.D.N.Y. Mar. 27, 2022) (declining to extend *Bivens* remedy to the plaintiff's claims where the court found that the BOP employees' failure to protect inmates from repeated sexual abuse by another BOP colleague or subordinate presented a substantially different context from that in *Carlson* [*v. Green*, 446 U.S. 14 (1980)] and special factors counseled hesitation); *Morgan v. Shivers*, No. 14-CV-7921, 2018 WL 618451, at *5 (S.D.N.Y. Jan. 29, 2018) (holding that a prisoner's Fourth Amendment claim of bodily privacy presented a new context from *Bivens*, which, unlike the instant case, involved a Fourth Amendment warrantless entry into plaintiff's home, and special considerations counseled against extending the *Bivens* remedy); *Schulte v. Bureau of Prisons*, No. 20-CV-2795, 2022 WL 1468017, at *3 (S.D.N.Y. May 10, 2022) (concluding that the plaintiff's First Amendment claim presented a meaningfully different context because the Supreme Court had never held that *Bivens* extended to First Amendment claims and that it implicated special factors counseling against the extension of *Bivens*).

III.  Conclusion

For the foregoing reasons, Defendants' Motion is granted in full and Plaintiff's claims are dismissed without prejudice.  The dismissal is without prejudice because this is the first adjudication on the merits of Plaintiff's claims.  *See Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (explaining that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings" unless "amendment would be futile"). Should Plaintiff choose to file an amended complaint to re-plead the dismissed claims, he must do so within thirty days of this Opinion, addressing the deficiencies identified herein.  The amended complaint will replace, not supplement, the complaint currently before the Court.  It therefore must contain all of the claims and factual allegations Plaintiff wishes the Court to consider, including the identification of individuals and the nature of their involvement.

The Clerk of Court is respectfully requested to terminate the pending Motions, (Dkt. Nos. 37, 47), and mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

Dated:    August 5, 2024
          White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

14